LOOKHART v. WESSELS.

1. **Fences:** PARTITION OF: NOTICE. An owner of land is not liable for a failure to comply with the requirements of the township trustees, acting as fence viewers under section 1492 of the Code, unless he was served with written notice of their meeting to take action in the premises.

*Appeal from Grundy Circuit Court.*

WEDNESDAY, JUNE 6.

THE plaintiff and defendant are the owners respectively of adjoining tracts of land in the county of Grundy. In Oct., 1873, the plaintiff requested the defendant to build one-half of a fence between said tracts. This the defendant declined to do, for the reason that he was cultivating his land without fences, and had no need of, and did not desire a fence between his land and the plaintiff's.

Thereupon the plaintiff applied to the township trustees, as fence viewers, to inquire into the matter, and assign to plaintiff and defendant, each respectively, his share of the fence and direct the time within which each should erect the same. The trustees met, found the fence insufficient, as if proceeding under section 1490 of the Code, instead of 1492, and fixed the time within which it should be built.

The defendant failed to build any fence, and the whole was built by plaintiff, and one-half appraised by the trustees.

This suit is brought to recover double the value of the one-half. Trial by the court, and judgment for the plaintiff for the amount claimed. Defendant appeals.

· *Huff & Reed*, for appellant.

*Fred Gilman*, for appellee.

DAY, CH. J.—I. ·Under sections 1490 and 1492 of the Code an examination by the fence viewers into the obligation to
1. FENCES: erect and maintain a partition fence, or into the
partition: sufficiency of a partition fence already erected, can
notice. be had only upon due notice to each party. The petition alleges that such notice was given. The general denials of the answer put this allegation in issue, and cast the burden of proving it upon the plaintiff. The court below found that notice was given, served on defendant's wife, and that the service was good and complete. But the notice referred to by the court, as served on defendant's wife, was not notice of a meeting of the fence viewers to inquire into defendant's obligation to ·erect and maintain a partition fence, but notice of an appraisement which they had made of· the value of the fence erected by plaintiff. It is claimed by appellee that the abstract shows that defendant admits he was served with notice of this meeting of the fence viewers.

The portion of the abstract relied upon for this admission is as follows: ·"It is admitted by the parties that the line of fence in controversy is the fence beginning on the south line, beginning at the center of section 21, and running due east 40 rods, and that this is the fence that was set off to Wessels as marked on the plat."

It is evident that this contains no admission that Wessels had notice that the fence viewers would meet for the purpose of setting off a portion of the fence for him to erect. We must, therefore, look into the record to see if it contains any evidence that such notice was given.

Upon this question the plaintiff testified as follows:

"Q. What notice did he have that you were going to have the trustees assemble there and make the allotment and assessment in the first place? A. I don't know."

John Hickman, who was one of the township trustees at the

time this proceeding was had, in his cross-examination, testifies as follows:

"Q. What notice did you give to the defendant to appear there at the time you made the assignment? A. About twenty days. Q. What kind of a notice? A. His notice there."

By the allusion to *his notice there*, reference evidently was had to some written notice produced upon the trial. No other notice could properly be referred to in that manner. No written notice of the meeting of the trustees to make the assignment was introduced.

A copy of a notice to John Lookhart, signed by each of the trustees, is attached to the petition as an exhibit, and is as follows: "Sir: You are hereby notified that you have to build and put up your share of a partition fence on the south line of the north-east ¼ of section 21, township 89, range 18, in twenty days from this date."

It is alleged in the petition that a like notice was served upon the defendant, Wessels. In his further examination, Hickman testified:

"Q. Do you know anything about a written notice that was served on Wessels to build his portion of that fence? A. Yes. Q. Who served that notice on him? A. Myself."

Now, we think it is quite apparent that when the witness, Hickman, testified that he gave defendant twenty days' notice to appear at the time the assignment was made, and referred to the notice as *his notice there*, he alluded to the notice that was served on Wessels to build a portion of the fence, which was a twenty days' notice, and a copy of which was before the court, attached to the petition. This view is strengthened by the testimony of plaintiff himself. He says: "It run along until October, when there was a trustees' meeting at our school house, and I told them and they went out; I don't know what day this was." This language conveys the idea that the trustees went out to inquire into the matter, as soon as they were requested to do so. If twenty days had intervened between the time of the request and the compliance, the language would probably have been different.

We are unable to find in the record any proof of notice to defendant that the trustees would meet to inquire into his obligation to erect the fence in question. It follows that the subsequent proceedings cannot constitute the basis of a recovery against defendant.

We have not considered the obligation of defendant to erect the fence in question, because the court, as now advised, is not agreed upon the question.

The judgment of the court is

REVERSED.